PARIENTE, J.,
concurring in result.
I join the majority in affirming the convictions and death sentence. However, I disagree with the majority’s conclusion that the statement of codefendant Evans, as testified to by witness Chaeva Powell, was not hearsay. I also write to emphasize that, although we affirm the convictions in this case, we strongly condemn the admission of police interrogation into evidence where the detective expresses an opinion about the defendant’s guilt, which recently compelled this Court to reverse a murder conviction and order a new trial in Jackson v. State, 107 So.3d 328 (Fla.2012). I address each point in turn.
First, I respectfully disagree with the majority’s conclusion that codefendant Evans’ statement to Powell, in which Evans told her to tell Sheppard to “get rid of the package,” was not hearsay. The meaning of this out-of-court statement was that Sheppard possessed the gun that was used in the murders and needed to get rid of it, which is the essence of what- the State wished to present to the jury. In my view, the only possible relevance of this statement was to prove the truth of the matter asserted, which was that the codefendant was directing Sheppard to get rid of “the package,” and that Sheppard knew that “the package” was the gun. As this Court has previously explained, “[w]hen the only possible relevance of an out-of-court statement is directed to the truth of the matters stated by a declarant, the subject matter is classic hearsay even though the proponent of such evidence seeks to clothe such hearsay under a nonhearsay label.” Keen v. State, 775 So.2d 263, 274 (Fla.2000).
The majority’s attempt to circumvent the hearsay restrictions by drawing a distinction between “declarative” and “imperative” statements, without citing any case or statute to support this distinction, is a distinction without a difference. See majority op. at 1169. Instead, regardless of whether the statement was “declarative” or “imperative,” it was offered for its truth, and was therefore hearsay that should have been excluded. See § 90.801(1)(c), Fla. Stat. (2013) (defining hearsay as an out-of-court statement offered in evidence to prove the truth of the matter asserted).
Nevertheless, I do agree with the majority that the admission of the statement was *1177 harmless beyond a reasonable doubt. This conclusion is supported by a close review of the impact on the jury of the impermissible admission of this statement, which was referenced only briefly during the State’s closing argument, and the permissible evidence on which the jury could have legitimately relied, including the testimony of eyewitness Dtalya Barrett and jailhouse informant Michael Roberts that placed a gun in Sheppard’s possession. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
Second, while I agree with the majority’s legal analysis of the fundamental error claim concerning the videotaped interrogation, I emphasize that our affirmance is not an approval of questioning being admitted into evidence that conveys the detective’s views as to the defendant’s guilt. As this Court has previously stated, exposing the jury to an investigating officer’s opinion about the defendant’s guilt is particularly troublesome because it “could convey the impression that evidence not presented to the jury, but known to the investigating officer, supports the charges against the defendant.” Martinez v. State, 761 So.2d 1074, 1080 (Fla.2000). For this reason, this Court’s determination that no fundamental error occurred based on the particular circumstances of this case should not be construed as an endorsement of the admission of this type of interrogation into evidence, and all parties should take great care to ensure that the jury is not exposed to improper interrogation that could cast doubt on the validity of the conviction.